# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 13-417V
Filed: January 27, 2015
[Not to be published]

* * * * * * * * * * * * * * * * * * * * * *
KATRENA RAYNER,                              *
                                             *
              Petitioner,                    *         Special Master Dorsey
v.                                           *
                                             *
                                             *         Dismissal; Tetanus-Diptheria
                                             *         vaccine; Meningococal Vaccine;
SECRETARY OF HEALTH                          *         Human papillomavirus Vaccine;
AND HUMAN SERVICES,                          *         Influenza Vaccine; Seizures;
                                             *         Migraines
              Respondent.                    *
* * * * * * * * * * * * * * * * * * * * * *

<u>Ronald C. Homer</u>, Conway, Homer & Chin-Caplan, P.C., Boston, MA for petitioner.
<u>Glenn A. MacLeod</u>, U.S. Department of Justice, Washington, DC for respondent.

## DECISION[1]

On June 25, 2013, petitioner filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ["the Program"],[2] alleging that Tetanus-Diptheria ("TD"), meningococcal, and human papillomavirus ("HPV") vaccinations on July 28, 2010 caused her to develop neurological injuries. Petition at ¶ 1, 2. On January 8, 2014, petitioner filed an amended petition alleging that a series of vaccinations, TD,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

meningococcal, HPV and influenza ("flu") vaccine, caused her to develop migraines and seizures. Amended Petition at ¶ 3, 7, 29.

Respondent filed a Rule 4(c) report on February 7, 2014, stating that this case is not appropriate for compensation. Respondent's Vaccine Rule 4(c) Report at 2. Respondent stated that petitioner failed to prove by preponderant evidence that her migraines and seizures were caused-in-fact by any of her vaccinations. Id. at 9-16. Respondent argued that the evidence produced to date fails to demonstrate a reasonable basis for moving forward and states that the petition must be dismissed. Id. at 16.

On January 16, 2015, petitioner moved for a decision dismissing the petition pursuant to Rule 21(a). In her motion, petitioner states that "[she] has been unable to secure further evidence required by the court to prove entitlement to compensation in the Vaccine Program." Motion at ¶ 1. Petitioner states that she understands that a decision by the undersigned will result in a judgment against her, and that such a judgment will end all rights in the Vaccine Program. Id at ¶ 2.

To receive compensation under the Program, petitioner must prove either 1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to her vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. See §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that petitioner's alleged injuries were caused by any of the alleged vaccinations.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion that supports a finding of entitlement.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master